UNITED STATES DISTRICT COURT

FOR THE

SOUTEHRN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE, DOCTOR,<br><br>       Plaintiff,<br><br>  -against-<br><br>ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI,<br><br>       Defendant. | Docket No.: 24-cv-4510<br><br>COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF<br><br>(Declaratory Judgment, FRCP § 57, *et seq*.) |

The Plaintiff, by and through counsel, Civil Rights Consortium, allege as follows:

## INTRODUCTION

(1) Plaintiff, a licensed physician, and educator at the Icahn School of Medicine at Mount Sinai ("the School"), brings this action for declaratory and injunctive relief.

(2) The Defendant, claiming to be proceeding pursuant to *42 CFR § 93*, commenced administrative proceedings of the School, governed by *42 CFR § 93*, for purposes of adjudicating two (2) claims of research misconduct. However, the School's administrative processes for adjudicating such, does not afford due process as it totally omits adversarial testing, denying the Plaintiff the tools necessary to assert defenses where *42 CFR § 93* specifically empowers the Plaintiff with such right.

(3) Additionally, Plaintiff brings this action for declaratory judgment on the basis that the School's undue application of due process has violated the Plaintiff's right to due process during the School's administrative process as the underlying allegations of research misconduct, and therefore, should exclude any evidence obtain in absence of affording the Plaintiff due process.

1

(4)     This Declaratory Judgment Action is for a judgment permanently enjoining the Defendant from conducting the underlying administrative proceedings governed by *42 CFR § 93* unless such provides for required minimum due process prophylactic measures.

## JURISDICTION

(5)     This Court has federal question jurisdiction over the instant action pursuant to *28 U.S. Code § 1331*, as this action presents federal questions as to *42 U.S.C § 1983* and the Fifth Amendment of the United State Constitution.

## VENUE

(6)     Pursuant to *28 U.S.C. § 1391*, the venue is proper as the material events have taken place in this judicial district.

## JURY DEMAND

(7)     Plaintiff respectfully demands a trial by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

(8)     Plaintiff John Doe, Doctor is a licensed physician and educator with the Defendant School.

(9)     Defendant School is the primary academic branch of the Mount Sinai Health System, which conducts the underlying proceedings governed by *42 CFR § 93*.

## FACTUAL BACKGROUND

(10)  The Plaintiff is employed with the Defendant School as an educator, although he is a licensed physician.

(11)  Allegedly, sometime in September 2023, the Defendant alleged that it provided the Plaintiff notice[1] of allegations research misconduct that the Defended deemed founded.

(12)  In a September 7, 2023, "*Final* Inquiry Panel Report," the Defendant details the two (2) underlying allegations:

> (1) Violation of [United States] National Institute of Health Confidentiality Rules; and
>
> (2) Plagiarism, in misappropriating information from confidential grant submissions.

(13)  Plaintiff was never afforded the right to counsel during the underlying process although (a) it concerned allegations that may adversely impact the Plaintiff's license and career, and (b) concerned the obtaining of statements to be used in the underlying proceedings, amid the underlying investigation.

(14)  Moreover, in response to the Plaintiff's March 2024 concerns of due process, Defendant made clear that Plaintiff (a) had no right of or to discovery amid the underlying due process, and (b) no right to adversarial testing the alleged underlying evidence against the Plaintiffs that the Defendant claims are founded.

(15)  Therefore, the Plaintiff moves for declaratory relief and injunctive relief as to *42 CFR § 93*, that (i) the Plaintiff possesses a constitutional right to counsel through the process such

---

[1] In or about March 2024, while the Plaintiff has expressed to the Defendant concerned of due process safeguards, it is unclear what notice was duly and meaningfully proceeding, as described herein, the Defendant takes an extremely narrow view of what constitutes with due process in comporting with *42 CFR § 93*.

3

that Defendant was at least required to place the Plaintiff on written notice thereof, (ii) the Plaintiff has a constitutional right to adversarial testing of the alleged evidence of research misconduct considering the real possibility of adverse employment action and adverse impact on the Plaintiff's license and career; and (iii) the Defendant's structured due process proceedings does not comport with *42 CFR § 93*, where there is no formal notice of a right to a hearing as to allegations of misconduct research.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### (DECLATORY JUDGMENT AGAINST DEFENDANT)

**DEFENDANT'S NARROW INTERPRETATION OF THE DUE PROCESS REQUIRED PURSAUNT TO *42 CFR 93*, DECIDING THAT THE PLAINTIFF IS NOT ENTITLED TO ADVERSARIAL TESTING AT AN APPEARANCE BEFORE THE INVESTIGATING COMMITTEE EMPANELED TO APPROVE THE FINAL INQUIRY REPORT, WHEREIN PLAINTIFF MUST APPEAR AND ANSWER QUESTIONS, AND SEE ALLEGED WITNESSES AND ALLEGED EVIDENCE AGAINST THE PLAINTIFF, VIOLATES FIFTH AMENDMENT DUE PROCESS SAFEGUARDS.**

(16)    Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "15" above.

(17)    At Part III, *42 CFR § 93* sets forth the process and procedures governing state and federal entities under the jurisdiction of the NIH, conducting disciplinary proceedings as to allegations of research misconduct.

(18)    Part 93 of *42 CFR § 93* governs research misconduct investigation and disciplinary proceedings.

(19)    The Defendant's due process does not comply with *42 CFR § 93*.

(20)    Section 93.106 of *42 CFR § 93* set forth evidentiary standards as to research misconduct proceedings, setting forth standards of proof, burdens of proof and requiring the respondent, in this case, the Plaintiff having the burden of proof of going

forward and asserting affirmative defenses, which is not possible if the underlying proceedings exclude adversarial testing of any sort.

(21)    Discovery is inherent in the adversarial requirements of the due process mandates of *42 CFR § 93*.

(22)    Therefore, the Defendant cannot engage in the wholesale failure to provide any discovery as it is impossible to then provide notice required of due process and provide for fundamental fairness and adversarial testing of the underlying proceeds.

## AS AND FOR A SECOND CAUSE OF ACTION
## (INJUNCTIVE RELIEF AGAINST DFENDANT)

**DEFENDANT'S NARROW INTERPRETATION OF THE DUE PROCESS REQUIRED PURSAUNT TO *42 CFR § 93*, DECIDING THAT THE PLAINTIFF IS NOT ENTITLED TO ADVERSARIAL TESTING AT AN APPEARANCE BEFORE THE INVESTIGATING COMMITTEE EMPANELED TO APPROVE THE FINAL INQUIRY REPORT, WHEREIN PLAINTIFF MUST APPEAR AND ANSWER QUESTIONS, AND SEE ALLEGED WITNESSES AND ALLEGED EVIDENCE AGAINST THE PLAINTIFF, VIOLATES FIFTH AMENDMENT DUE PROCESS SAFEGUARDS, REQUIRING INJUNCTIVE RELIEF OF ANY SUCH PROCEEDINGS.**

(23)    Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "22" above.

(24)    At Part III, *42 CFR § 93* sets forth the process and procedures governing state and federal entities under the jurisdiction of the NIH, conducting disciplinary proceedings as to allegations of research misconduct.

(25)    Part 93 of *42 CFR § 93* governs research misconduct investigation and disciplinary proceedings.

(26)    The Defendant's due process does not comply with *42 CFR § 93*.

(27)    Section 93.106 of *42 CFR § 93* set forth evidentiary standards as to research misconduct proceedings, setting forth standards of proof, burdens of proof and

requiring the respondent, in this case, the Plaintiff having the burden of proof of going forward and asserting affirmative defenses, which is not possible if the underlying proceedings exclude adversarial testing of any sort.

(28)   Discovery is inherent in the adversarial requirements of the due process mandates of *42 CFR § 93*.

(29)   Therefore, the Defendant cannot engage in the wholesale failure to provide any discovery as it is impossible to then provide notice required of due process and provide for fundamental fairness and adversarial testing of the underlying proceeds.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief and judgment, as follows:

(a)   Awarding compensatory damages and punitive damages to be proven after a trial;

(b)   Awarding extraordinary, equitable, and/or injunctive relief as permitted by law, equity, and the state law, including moving expenses to Plaintiffs;

(c)   Awarding all the plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

(d)   Such other and further relief as this Court may deem just and proper.

Dated: Woodhaven, New York,
       June 10, 2024

CIVIL RIGHTS CONSORTIUM.
ATTORNEYS FOR THE PLAINTIFFS

BY: *E. Dubois Raynor, Jr.*
E. Dubois Raynor, Esq.
Managing Attorney
89-07 Jamaica Avenue
Woodhaven, New York 11421
(855) 246-2776, Ext. 702